```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- X
JINNATE NICHOLE PICKRON,

                    Petitioner,
                                            ORDER
     -against-                              19-MC-1442 (KAM)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------- X
```

**MATSUMOTO, United States District Judge:**

On February 24, 2010, Petitioner Jinnate Nichole Pickron ("Petitioner"), after a jury trial, was convicted of wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349.[1]  (ECF No. 262, Jury Verdict, 09-CR-292.)  On September 10, 2010, Judge John Gleeson sentenced Petitioner to a three-year term of probation, which included six months of home detention.  (ECF No. 352, Judgment, 09-CR-292.)

On May 31, 2019, Petitioner, proceeding *pro se*, filed a motion with this Court seeking an Order expunging her record of conviction.  (ECF No. 1, Petitioner's Motion ("Pet'r Mot.").) Petitioner asserts that she was suspended for two weeks without pay and was subsequently terminated from a job because she was unable to obtain a license from the California Department of

---

[1] Petitioner was prosecuted under her maiden name, Jones, but has since changed her name to Pickron after getting married.  (*See* ECF No. 2.)

1

Housing and Community Development due to her criminal record. (ECF No. 1). Petitioner claims that the expungement of her conviction record would allow her to get a good job, pay her bills, and send her son to college, and that she is very remorseful and takes full responsibility for her past criminal conduct. (*Id*.) The government argues in response that the Court should dismiss Petitioner's motion for lack of subject matter jurisdiction. (ECF No. 4). For the reasons stated below, the Court denies Petitioner's motion without prejudice for lack of subject matter jurisdiction.

## **DISCUSSION**

"In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress," *United States v. King*, No. 14-CR-357(PKC), 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017) (quoting *Doe v. United States*, 833 F.3d 192, 197 (2d Cir. 2016)), and cannot exercise ancillary jurisdiction to do so. *Doe*, 833 F.3d at 196-99 (the district court did not have subject matter jurisdiction to expunge the defendant's record of conviction because none of the Federal Rules of Criminal Procedure "remotely suggest[ ] . . . that district courts retain jurisdiction over *any* type of motion years after a criminal case has concluded," and expungement of a criminal record on equitable grounds does not serve any of the bases

2

identified in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994), for exercising ancillary jurisdiction). *See Agudelo v. United States*, Nos. 18-MC-1427(JMA), 94-CR-636(TCP), 2022 WL 541603, at *1 (E.D.N.Y. Feb. 23, 2022) ("Once a defendant has served her sentence and the court's decrees have long since expired, expunging a record of conviction on equitable grounds is entirely unnecessary to manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees." (internal quotation marks and citation omitted)); *Patterson v. United States*, No. 19-MC-2986(LDH), 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020) ("[W]here . . . a petitioner moves to expunge a valid conviction on equitable grounds, the district court lacks jurisdiction." (citations omitted)); *United States v. Rodriguez*, No. 01-CR-497(RMB), 2020 WL 881991, at *2 (S.D.N.Y. Feb. 24, 2020) ("The Court does not have jurisdiction to expunge criminal records based solely upon equitable grounds such as those cited by [the] [p]etitioner, namely his belief that the criminal conviction(s) in this case may be preventing his advancement in the workplace." (citations omitted)); *Melvin v. United States*, No. 18-MC-3359(LB), 2019 WL 5394646, at *2 (E.D.N.Y. Oct. 21, 2019) (dismissing petition for expungement because the "petitioner [did] not challenge the validity of her conviction, and the underlying criminal case concluded almost a decade ago. . . . [and] [p]etitioner has not supplied other facts that could distinguish

3

her case from *Doe* or qualify for the limited exceptions that would allow the Court to consider the motion.").

In the instant case, Petitioner does not challenge the validity of her conviction for wire fraud and conspiracy to commit wire fraud, and states in her motion that she "take[s] full responsibility for [her] actions." (Pet'r Mot at 6.) Nor has Petitioner pointed to any statutory exception that would confer jurisdiction upon this Court to consider her motion. Accordingly, though the Court is very sympathetic of Petitioner's situation, it lacks jurisdiction to grant Petitioner the relief she seeks. For the foregoing reasons, the Court respectfully denies Petitioner's motion without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to serve a copy of this Order on Petitioner, note service on the docket, and close this case.

**SO ORDERED.**

DATED: September 19, 2022
Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge